**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| TUMBLE LIVING, INC., <br><br> Plaintiff, <br><br> v. <br><br> COZEY INC., <br><br> Defendant. | CASE NO. 25-CV-13592 <br><br> COMPLAINT FOR PATENT INFRINGEMENT <br><br> **JURY TRIAL DEMANDED** |

**COMPLAINT**

1.　Plaintiff Tumble Living, Inc. ("Plaintiff" or "Tumble") hereby brings this action for patent infringement against Defendant Cozey, Inc. ("Defendant" or "Cozey"), and in support of the same, alleges as follows.

**NATURE OF THE ACTION**

2.　This action is for patent infringement arising under the patent laws of the United States, 35 U.S.C. § 1, *et seq*., including 35 U.S.C. §§ 271, 281, 283, 284, 285, and 289.

**THE PARTIES**

3.　Plaintiff is a corporation organized under the laws of the state of Delaware, and has a principal place of business at 12100 Wilshire Boulevard, Suite 800, Los Angeles, California, 90025.

4.　Plaintiff is the owner by assignment of, and has the right to sue for infringement of, U.S. Patent No. 12,171,355 (the "'355 Patent"). A true and correct copy of the '355 Patent is attached hereto as Exhibit 1.

5.　Upon information and belief, Defendant is a Canadian corporation with a principal place of business at 5770 rue Ferrier Mont-Royal, QC, H4P 1M7, Canada.

1

6. Upon information and belief, Defendant does not have a place of business in the in the United States.

## JURISDICTION AND VENUE

7. This Court has original subject matter jurisdiction over the claims in this action pursuant to the provisions of the Patent Act, 35 U.S.C. § 1, *et seq.*, 28 U.S.C. § 1338(a)-(b), and 28 U.S.C. § 1331.

8. This Court may properly exercise personal jurisdiction over Cozey since Cozey targets business activities toward consumers in the United States, including Illinois, through at least the fully interactive, commercial website at https://cozey.com/en-us (the "Cozey Storefront"):



9. Specifically, Cozey is reaching out to do business with Illinois residents by operating the Cozey Storefront, through which Illinois residents can purchase (and do purchase), Cozey Infringing Products (as that term is defined below):



10. Defendant Cozey has targeted sales from Illinois residents by operating an online store that offers shipping to the United States, including Illinois, and accepts payment in U.S. dollars.

11. Defendant Cozey has sold Cozey Infringing Products to residents of Illinois via the Cozey Storefront.

12. Both by way of the Cozey Storefront, Defendant Cozey is committing tortious acts in Illinois, is engaging in interstate commerce, and has wrongfully caused Plaintiff substantial injury in the State of Illinois.

13. The Court's exercise of jurisdiction over Defendant Cozey will not offend traditional notions of fair play and substantial justice.

14. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 as, on information and belief, Cozey is a Canadian entity without a principal place of business in the United States.

15. On information and belief, Defendant has the capacity to be sued pursuant to Federal Rule of Civil Procedure 17(b).

**BACKGROUND**

16. Plaintiff is an innovator in the home goods space, and sells its patented and highly sought-after rugs (among other items) through its webpage at https://tumbleliving.com:



17. Plaintiff has expended, and continues to expend, substantial resources in developing high quality rug products for sale to discerning customers.

18. Among other products, Plaintiff sells products that practice the '355 Patent. In particular, Plaintiff sells its washable rugs in many sizes, colors, and styles, all of which practice the '355 Patent.

19. Plaintiff physically marks its products with its '355 Patent. In particular, while the '355 Patent was a pending application, Plaintiff's care instructions label (sewn into its products) stated "Patents Pending." The following image shows the label during the period of time when the products were marked with "Patents Pending":



20.    After the '355 Patent issued, Plaintiff's care instructions for practicing products (sewn into the products) shows the '355 Patent's full patent number. The following shows the label from the Plaintiff's practicing products post-issuance of the '355 Patent:



21.    On information and belief, Defendant's corporate name is Cozey Inc., and its principal place of business is at 5770 rue Ferrier Mont-Royal, QC, H4P 1M7, Canada.

5

22. Defendant operates a website on which it sells its products at https://www.cozey.com.

23. On information and belief, accessing the above website from the United States redirects a visitor to the website https://www.cozey.com/en-us. Defendant sells its infringing products via this website.

24. Defendant apparently intends to represent to the public that it is selling genuine products that do not infringe the intellectual property of others. However, unbeknownst to consumers, Defendant is, in fact, selling products that infringe Plaintiff's '355 Patent. And despite Plaintiff indicating that Defendant is so infringing the '355 Patent, Defendant has not stopped violating Plaintiff's intellectual property.

25. Plaintiff is thus forced to file this action to combat Defendant's infringement of Plaintiff's patented modular floor covering systems, as well as to protect innocent consumers from purchasing products that infringe Plaintiff's patents, including the '355 Patent.

26. On information and belief, Defendant sells infringing products that it refers to as "Washable Rugs" in many sizes, shapes, and styles, as shown on the following excerpt from Defendant's website:



27. Defendant claims that its infringing products are "innovative" via text on the above website.

28. Defendant's products are not innovative. They are copies of Plaintiff's technology and design aesthetic, and are a clear attempt to knock off Plaintiff's products and trade on Plaintiff's success.

29. Collectively, the products sold as "Washable Rugs" on https://www.cozey.com (as well as any substantially identical items that Defendant sells in the future or has sold in the past) are referred to as the "Cozey Infringing Products."

30. Defendant Cozey is making, using, offering for sale, selling, and/or importing into the United States for subsequent sale or use products that infringe directly and/or indirectly the '355 Patent in the form of at least the Cozey Infringing Products.

31. Defendant Cozey, without any authorization or license from Plaintiff, has offered for sale, sold, and/or imported into the United States for subsequent resale or use products that infringe the '355 Patent, and continues to do so via the Cozey Storefront.

32. Defendant Cozey's infringement of the '355 Patent, including the offering for sale and sale of the Cozey Infringing Products in Illinois, is irreparably harming Plaintiff.

## COUNT I
## INFRINGEMENT OF THE '355 PATENT

33. Plaintiff incorporates by reference the allegations set forth in Paragraphs 1 to 28 above as if set forth fully herein.

34. Defendant Cozey makes, uses, offers for sale, sells, and/or imports into the United States for subsequent sale or use the Cozey Infringing Products.

35. The Cozey Infringing Products infringe at least claim 1 of the '355 Patent, as shown in the claim chart attached as Exhibit 2 hereto.

36. Plaintiff complies with 35 U.S.C. § 287 at least by marking its products with the '355 Patent on the "care instructions" sewn into its practicing products.

37. Defendant Cozey has been on notice of Plaintiff's belief that Defendant infringes the '355 Patent since at least April 2, 2025, when Plaintiff sent to Defendant a letter detailing Defendant's infringement.

38. Prior to receiving the April 2, 2025 letter, Defendant purchased a product from Plaintiff that was marked with "Patent Pending."

39. In particular, on information and belief, Defendant's Chief Executive Officer purchased a product marked with "Patent Pending" in October, 2022; that product was delivered to Defendant's Chief Executive Officer in November, 2022.

40. Thus, Defendant knew, when it first purchased Plaintiff's product, that there was a pending patent application covering that product.

41. The Cozey Infringing Products directly infringe at least claim 1 of the '355 Patent under 35 U.S.C. § 271(a).

8

42. Based on Cozey's knowledge of the '355 Patent since at least April 2, 2025, the Cozey Products also indirectly infringe the '355 Patent. Cozey actively induces its customers to infringe the '355 Patent, and it contributes to the infringement of the '355 Patent, making it liable for infringement under 35 U.S.C. § 271(b) and (c).

43. On information and belief, despite Cozey being aware of its infringement of the '355 Patent since at least April 2, 2025, Cozey has done nothing to alter or avoid infringement of the '355 Patent.

44. On information and belief, Cozey was aware of the '355 Patent even before Plaintiff's letter dated April 2, 2025.

45. As a result, Cozey's infringement of the '355 Patent has been, and continues to be, willful.

46. Defendant Cozey will continue to willfully infringe the '355 Patent unless enjoined by this Court.

47. Defendant Cozey's infringing conduct has caused Plaintiff to suffer irreparable harm resulting from the loss of its lawful patent rights to exclude others from making, using, selling, offering for sale, and importing the patented inventions.

48. Unless a temporary restraining order, preliminary injunction, and permanent injunction are issued enjoining Defendant Cozey and all others acting in active concert therewith from infringing the '355 Patent, Plaintiff will continue to be irreparably harmed.

49. This irreparable harm will increase in severity during the holiday season, 2025, unless enjoined by the Court in short order.

50. Plaintiff is entitled to injunctive relief pursuant to 35 U.S.C. § 283.

51. Plaintiff is entitled to recover damages adequate to compensate it for the infringement, including Defendant Cozey's profits pursuant to 35 U.S.C. § 289. Plaintiff is entitled to recover any other damages as appropriate pursuant to 35 U.S.C. § 284, including enhanced damages for willful infringement.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for a judgment against Defendant as follows:

1) That Defendant, its affiliates, officers, agents, servants, employees, attorneys, confederates, and all persons acting for, with, by, through, under or in active concert with them be temporarily, preliminarily, and permanently enjoined and restrained from:

    a. making, using, selling, offering for sale, and importing any products not authorized by Plaintiff that embody or practice any reproduction, copy or colorable imitation of the ornamental design claimed in the '355 Patent;

    b. aiding, abetting, contributing to, or otherwise assisting anyone in infringing upon the '355 Patent; and

    c. effecting assignments or transfers, forming new entities or associations, or utilizing any other device for the purpose of circumventing or otherwise avoiding the prohibitions set forth in Subparagraphs (a) and (b);

2) That the Court enter an Order that, upon Plaintiff's request, those in privity and/or in active concert with Defendant, or those with notice of the injunction, including, without limitation, any online marketplace platforms such as iOffer, eBay, AliExpress, Alibaba, Amazon, Shein, Shopee, Wish.com, Walmart.com, TikTok Shop, Temu, and Dhgate, web hosts, sponsored search engine or ad-word providers, credit cards, banks, merchant account providers, third party processors and other payment processing service providers, internet search engines such as

Google, Bing and Yahoo (collectively, the "Third Party Providers") shall:

    a.    disable and cease providing services being used by Defendant, currently or in the future, to engage in the sale of goods that infringe the '355 Patent;

    b.    disable and cease displaying any advertisements used by or associated with Defendant in connection with the sale of infringing goods using the '355 Patent; and

    c.    take all steps necessary to prevent links to the Cozey Infringing Products from displaying in search results, including, but not limited to, removing links to the Cozey Infringing Products from any search index;

3)    That Plaintiff be awarded such damages as it shall prove at trial against Defendant that are adequate to compensate Plaintiff for infringement of the '355 Patent, including and not limited to all of the profits realized by Defendant, or others acting in concert or participation with Defendant, from Defendant's infringement of the '355 Patent;

4)    That the Court increase the damages up to three times the amount found or assessed, after an accounting, pursuant to 35 USC § 284, based on Cozey's willful infringement;

By:    /s/ *Benjamin E. Weed*
Benjamin E. Weed
BEW LLC
5336 Lyman Ave.
Downers Grove, IL 60515
ben@bewlawyer.com
(847) 456–1430

COUNSEL FOR PLAINTIFF TUMBLE LIVING, INC.

Dated: November 5, 2025